IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VALENCIA ANN THOMPSON, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> CITY OF FRESNO, N. ROBEY (F.P.D. ) <br> Badge No. P1303), CAMPOS (F.P.D. ) <br> Badge No. 1067), LOPEZ (F.D.P. Badge ) <br> No. 1309), M. GEBHART (F.D.P. Badge ) <br> No. 1245), EDROZO (F.D.P. Badge No. ) <br> 1111), A. ROBLES (F.D.P. Badge No. ) <br> 5142), GOMEZ (F.P.D. Badge No. UNK.), ) <br> D. LAMBERT (F.D.P. Badge No. P742), ) <br> In their Official Capacities, and in their ) <br> Individual Capacities, and DOES 1 ) <br> through 50, ) <br> ) <br> Defendants. ) <br>_____) | CV F 06-00356   AWI LJO <br><br> MEMORANDUM OPINION <br> AND ORDER ON <br> DEFENDANTS' MOTION TO <br> DISMISS PURSUANT TO <br> F.R.C.P. 12(B)(6) <br><br><br><br> [Document # 15] |

       This is an action for general and special damages that arises from an alleged unwarranted search of the residence of plaintiff Valencia Ann Thompson ("Plaintiff") by the following individual officers of the Fresno Police Department: Campos, Lopez, Gebhart, Edrozo, Robles, Gomez, and Lambert (the "individual Defendants"). Entity defendant City of Fresno ("Fresno") is alleged to be co-liable as to each of the ten claims for relief set forth in the First Amended Complaint ("FAC"). In the instant motion Fresno and the individual Defendants (collectively "Defendants") move to dismiss Plaintiff's first, third, and fourth claims for relief. These claims for relief allege violation of 42 U.S.C., section 1983,

California Civil Code, section 52.1, and California Civil Code, section 51.7, respectively. This Court has subject matter jurisdiction pursuant to 28 U.S.C., sections 1331, 1343 and 1367. Venue is proper in this Court.

## FACTUAL BACKGROUND AND PROCEDURAL HISTORY

The following facts are summarized from the FAC and are taken as true for purposes of this motion. Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740 (1976).

At the time of the events alleged in the FAC, Plaintiff was a 25-year-old African-American woman. On January 6, 2005, at approximately 9:00 p.m., individual Defendants arrived at Plaintiff's home to investigate a report of domestic violence. At the time, Plaintiff was hosting a birthday party in her home for her minor daughter. Individual Defendants conducted a warrantless search of the premises for the person allegedly involved in the report of domestic violence. It is not clear from the FAC whether consent for the search was given or not.

When individual Defendants finished searching, Plaintiff told them the person(s) suspected of the domestic violence were no longer at the residence. At about this time, Plaintiff alleges one or more of the individual Defendants reported smelling marijuana smoke. Plaintiff alleges she rose from her chair to escort individual Defendants from her home, whereupon she was grabbed at the arm by defendant Robey. The FAC alleges Robey used "excessive physical contact" without provocation. Defendant Robles ordered defendant Robey to "take her down." Defendant Robey threw Plaintiff to the floor, using a "leg sweep," inflicting "serious violence and harm upon Plaintiff's person."

The FAC alleges officer defendants Robey, Gomez, and Lopez then jumped on Plaintiff while she lay in a prone position on the floor. Individual Defendants then "bound Plaintiff's person, using garments to tie her legs." The FAC alleges all acts carried out by individual Defendants were carried out "violently and maliciously." Individual Defendants then completed the search of the residence for marijuana and found none.

The FAC alleges the actions of individual Defendants during the search caused severe physical injuries requiring immediate treatment. Plaintiff alleged individual Defendant conduct also caused severe emotional distress. Plaintiff was taken into custody and transported to University Medical Center by ambulance. She was thereafter charged with violation of California Penal Code, section 148(a)(1) [obstruction of a police officer]. The issue was brought to trial on June 16, 2005, and Plaintiff was acquitted.

Plaintiff alleges individual Defendant's unlawful conduct was the result of "a policy and custom of negligent hiring, training and supervising of its officers" by defendant Fresno.

Plaintiff submitted a claim for damages to Fresno on July 21, 2005. An amended claim for damages was submitted on August 10, 2005. The amended claim was rejected on or about September 30, 2005. A complaint was filed in this court on March 30, 2006. The currently-operative FAC was filed on June 27, 2006. The instant motion to dismiss was filed on August 4, 2006. An amendment to the motion to dismiss was filed on August 8, 2006. Plaintiff's opposition was filed on September 11, 2006, and Defendants' reply was filed on September 13, 2006. On September 21, 2006, the court vacated the hearing date for oral argument and took the matter under submission.

**LEGAL STANDARD**

A complaint may be dismissed under Rule 12(b)(6) of the Federal Rules of Civil Procedure if it appears beyond doubt that the plaintiff can prove no set of facts in support of the claim that would entitle him to relief. Hishon v. King & Spalding, 467 U.S. 69, 73 (1984) (citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957)); Balistreri v. Pacifica Police Department, 901 F.2d 696, 699 (9th Cir. 1990). A Rule 12(b)(6) dismissal can be based on the failure to allege a cognizable legal theory or the failure to allege sufficient facts under a cognizable legal theory. Robertson v. Dean Witter Reynolds, Inc., 749 F.2d 530, 533-34 (9th Cir.1984). In considering a motion to dismiss, the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co., 425 U.S. at 740, construe the pleading in the

light most favorable to the party opposing the motion, and resolve all doubts in the pleader's favor. Jenkins v. McKeithen, 395 U.S. 411, 421, reh'g denied, 396 U.S. 869 (1969). In deciding a Rule 12(b)(6) motion, courts do not "assume the truth of legal conclusions merely because they are cast in the form of factual allegations." Western Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir.1981).

"If a complaint is dismissed for failure to state a claim, leave to amend should be granted unless the court determines that the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency." Schreiber Distributing Co. v. Serv-Well Furniture Co., Inc., 806 F.2d 1393, 1401 (9th Cir. 1986).

## DISCUSSION

**I. Plaintiff's Claim Against Fresno Pursuant to 42 U.S.C., section 1983**

Plaintiff's first claim for relief alleges unreasonable search and seizure in violation of the Fourth Amendment, and seeks relief pursuant to 42 U.S.C., section 1983. Plaintiff's first claim for relief is alleged against both individual Defendants and Fresno. Although Defendants' motion gives the impression it seeks dismissal of the entirety of Plaintiff's first claim for relief, it appears to the court that Defendants' argument is directed to the allegations against Fresno only. In short, Defendants' argument is directed at Plaintiff's claim that Plaintiff's Fourth Amendment rights were violated because Fresno negligently hired, trained and supervised individual Defendants. Defendants do not address Plaintiffs' allegations, also contained in the first claim for relief, that individual Defendants each violated Plaintiff's Fourth Amendment rights and/or ratified the violation of those rights by other individual Defendants. The court therefore assumes Defendants' motion to dismiss with respect to Plaintiff's first claim for relief, is for dismissal of Plaintiff's first claim for relief only as against defendant Fresno.

Section 1983 of Title 42 of the United State Code provides, in pertinent part"

> Every person who, under color of any statute, ordinance, regulation, custom, or usage , of any State or Territory or the District of Columbia,

subjects, or causes to be to be subjected, any citizen of the United States or any other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, . . . .

The Supreme Court has applied section 1983 to municipal subdivisions of the states:

> The legislative history of the Civil Rights Act of 1871 compels the conclusion that Congress did intend municipalities and other local government units to be included among those persons to whom § 1983 applies.  Local governing bodies, therefore, can be sued directly under § 1983 for monetary, declaratory, or injunctive relief where, as here, the action that is alleged to be unconstitutional implements or executes a policy statement, ordinance, regulation, or decision officially adopted and promulgated by that body's officers. Moreover, although the touchstone of the § 1983 action against a government body is an allegation that official policy is responsible for a deprivation of rights protected by the Constitution, local governments, like every other § 1983 "person," by the very terms of the statute, may be sued for constitutional deprivations visited pursuant to governmental "custom" even though such a custom has not received formal approval through the body's official decisionmaking channels.

Monell v. Department of Social Services of City of New York, 436 U.S. 658, 690 (1978).

Thus, pursuant to Monell, to state a federal claim for relief against an municipal entity, the claimant must allege either (1) the existence of an approved policy that caused a constitutional violation; or (2) the existence of an established pattern or practice or custom, whether approved or not; or (3) constitutional injury that was caused by a person with final decision making authority.  However, "[l]ocal governments have no liability under section simply because their employees may have violated a plaintiff's constitutional rights; the doctrine of respondeat superior does not apply.  Choate v. County of Orange, 86 Cal.App.4th 312, 328 (4 Dist. 2001) (citing Monell, 436 U.S. at 271; see also, Robinson v. Solano County, 278 F.3d 1077, 1016 (9th Cir. 2002).

With respect to actions against municipal entities pursuant to section 1983, courts in this circuit have held that "to impose municipal liability for a violation of constitutional rights, a plaintiff must show: (1) that plaintiff was deprived of a constitutional right; (2) that the municipality had a policy; (3) that this policy amounted to deliberate indifference of plaintiff's constitutional rights; and (4) that the policy was the moving force behind the

5

constitutional violation." Sepatis v. City and County of San Francisco, 217 F.Supp.2d 992, 1001 (N.D. Cal. 2002) (citing Plumeau v. Sch. Dist. #40 County of Yamhill, 130 F.3d 432, 438 (9th Cir. 1997). "A municipality's failure to train an employee who has caused a constitutional violation can be the basis for § 1983 liability where the failure to train amounts to deliberate indifference to the rights of persons with whom the employee comes into contact." Long v. County of Los Angeles, 442 F.3d 1178, 1186 (9th Cir. 2006).

Thus, at minimum, a claim for relief against a municipal entity for failure to adequately train must allege deliberate indifference to Plaintiff's rights under the Fourth Amendment. Plaintiff's allegation with respect to Fresno, is that Fresno had "a policy and custom of *negligently* hiring, training and supervising its officers." (Complaint at ¶ 32, emphasis added.) Plaintiff's complaint fails to allege the requisite deliberate indifference. Plaintiff's allegation with respect to Fresno is therefore insufficient as a matter of law with respect to Plaintiff's first claim for relief. Plaintiff's first claim for relief against Fresno only will therefore be dismissed.

**II. Violation of California Civil Code, Section 52.1 (Bane Act)**

Plaintiff's third claim for relief alleges violation of California's Bane Act, California Civil Code, section 52.1, which provides as follows, in pertinent part:

> (b) Any individual whose exercise or enjoyment of rights secured by the Constitution or laws of the United States, or of rights secured by the Constitution or laws of this state, has been interfered with, or attempted to be interfered with , as described in subdivision (a), may institute or prosecute in his or her won name and on his or her own behalf a civil action for damages, including, but not limited to, damages under Section 52, injunctive relief, and other appropriate equitable relief to protect the peaceable exercise or enjoyment of the right or rights secured.

The predicate constitutional deprivations alleged by Plaintiff are violations of the First and Fourteenth Amendments of the United States Constitution, and Article I, sections 7, and 13 of the California Constitution. Defendants' motion to dismiss contends that an allegation of violation of Article I, section 7(a) of the California Constitution does not state a violation

6

of a liberty interest that can form the predicate of a claim pursuant to the Bane Act.

Assuming for purposes of this discussion Defendants are correct, the argument is misplaced as an argument for dismissal of the claim. Pursuant to Rule 8(e)(2) of the Federal Rules of Civil Procedure:

> A party may set forth two or more statements of a claim or defense alternatively or hypothetically, either in one count or defense or in separate counts or defenses. When two or more statements are made in the alternative and one of them if made independently would be sufficient, the pleading is note made insufficient by the insufficiency of the one or more of the alternative statements. A party may also state as many separate claims or defenses as the party has regardless of consistency and whether based on legal, equitable, or maritime grounds.

Whether or not allegation of violation of Article I, section 7 states an adequate predicate violation for purposes of the Bane Act, it is clear that allegations of violation of the Fourth and Fourteenth Amendments to the United States Constitution do. As provided in Rule 8(e)(2), where one or more allegations within a claim alleging multiple alternative statements is sufficient to state a claim for relief, the insufficiency of one statement does not warrant dismissal of the claim. The fact that violation of Article I, section 7 of the California Constitution does not support a claim under the Bane Act does not warrant dismissal of Plaintiff's third claim for relief.

### III. Plaintiff's Claim Pursuant to California Civil Code, section 51.7

California Civil Code, section 51.7 provides, in pertinent part:

> All persons within the jurisdiction of this state have the right to be free from any violence, or intimidation by threat of violence, committed against their persons or property because of their race, color, religion, ancestry, national origin, political affiliation, sex, sexual orientation, age, disability, or position in a labor dispute, or because another person perceives them to have one or more of those characteristics.

With respect to Plaintiff's fourth claim for relief, the FAC simply states that the acts of Defendants "were acts of violence and intimidation by threat of violence, committed against Plaintiff's person in violation of the California Civil Code, section 51.7." Although the requirements of modern notice pleading permit a range of pleading styles, it remains a

requirement that each element of each claim for relief must be identified and facts alleged that, if true, would be sufficient to support the claim. Lombard's, Inc. v. Prince Mfg., Inc., 753 F.2d 974, 975 (11th Cir. 1985) (claim for relief "will not survive a motion to dismiss if not supported by the facts constituting a legitimate claim for relief"). A claim for relief pursuant to California Civil Code, section 51.7 requires facts that demonstrate that the claimant suffered violence or threat of violence *because* they possess, or are perceived to possess one or more of the listed characteristics.

Plaintiff has not pled facts that, if proven, would demonstrate that she suffered violence because of any particular characteristic. Although it would be logical to assume that Plaintiff might allege she suffered violence at the hands of the individual Defendants because she is African-American, it is not up to the court or to opposing counsel to supply missing elements of the pleading. The case of O'Toole v. Superior Court, 140 Cal.App.4th 488 (4 Dist. 2006), which is cited by Plaintiff for the proposition that it is sufficient for purposes of Plaintiff's fourth claim for relief simply to allege violence or the threat of violence, does not support Plaintiff's contention. In O'Toole, the plaintiffs in that case sued college campus police for violation of their First Amendment rights in violation of California Civil Code, section 52.1. There was no allegation of violence in O'Toole, and Civil Code section 51.7, which is at issue in Plaintiff's fourth claim for relief, was never mentioned.

Because it is obvious that Plaintiff's fourth claim for relief pursuant to California Civil Code section 51.7 could be restated so as to cure the noted deficiency, Plaintiff's fourth claim for relief will be dismissed with leave to amend.

THEREFORE, in consideration of the foregoing discussion, it is hereby ORDERED that:

1. Defendants' motion to dismiss Plaintiff's first claim for relief is GRANTED as to defendant Fresno County only, and is DENIED as to all individual Defendants. Leave

to amend is granted.

2. Defendant's motion to dismiss Plaintiff's third claim for relief pursuant to California Civil Code, section 52.1 is DENIED as to all Defendants.

3. Defendant's motion to dismiss Plaintiff's fourth claim for relief pursuant to California Civil Code, section 51.7 is GRANTED as to all Defendants. Leave to amend is granted.

IT IS SO ORDERED.

Dated:  **October 3, 2006**          /s/ Anthony W. Ishii
0m8i78                    UNITED STATES DISTRICT JUDGE